
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH MARIO ARREDONDO, Jr., | No. 11-57094 |
| Petitioner - Appellant, | D.C. No. 5:10-cv-01115-CAS-MRW |
| v. | |
| GARY SANDOR, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted August 26, 2014**
Pasadena, California

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and GLEASON, District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sharon L. Gleason, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

Petitioner Joseph Mario Arredondo, Jr., appeals from the district court's denial of his application for a writ of habeas corpus. After trial in California, Mr. Arredondo was convicted of several counts of committing sexual acts with minors, but he asserts on collateral review that three defects in his state-court proceedings warrant relief from that judgment. The Antiterrorism and Effective Death Penalty Act of 1994 (AEDPA), 28 U.S.C. § 2241 *et seq.*, strictly circumscribes our jurisdiction to grant a writ of habeas corpus in this case.

*First*, Mr. Arredondo contends that his trial attorney's allegedly incompetent performance deprived him of the effective assistance of counsel. To demonstrate constitutionally defective representation, the criminal defendant must show: (1) that his counsel's performance failed to satisfy an "objective standard of reasonableness"; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). The California Court of Appeal, which issued the last reasoned decision on the merits, acknowledged that much of trial counsel's allegedly deficient conduct was bizarre and "needlessly embarrassing," but nevertheless discerned no prejudice because of "overwhelming" evidence of guilt. The accusers, although reluctant at first to divulge the details of their sexual encounters with Mr. Arredondo, provided

2

detailed and largely consistent accounts, corroborated in various specifics by motel receipts and other circumstantial evidence, as well as Mr. Arredondo's own statements. Indeed, even the trial court—which, by misapplying *Strickland*, granted Mr. Arredondo's post-verdict motion for a new trial on the basis of counsel's ineffective assistance—observed that the result of the trial would not likely have been different if Mr. Arredondo had able representation. We cannot therefore conclude that the California court's determination that Mr. Arredondo suffered no prejudice from the alleged errors of trial counsel is unreasonable.

*Second*, Mr. Arredondo argues that the prosecutor committed misconduct by encroaching on allegedly privileged and otherwise inappropriate subjects during his own and his wife's testimony. Prosecutorial misconduct, in order to justify relief, must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). The California Court of Appeal exhaustively reviewed the trial transcripts and found all claimed instances of impropriety fell below the legal threshold for prosecutorial misconduct. In any event, any actual misconduct on the basis that Mr. Arredondo has identified would scarcely have caused a "substantial and injurious effect or influence" on the verdict given the volume of evidence against him. *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993).

3

*Third*, Mr. Arredondo arraigns the trial court for erroneously instructing the jury about his purportedly late disclosure of witnesses and evidence. Under *Estelle v. McGuire*, instructional error under state law does not amount to a constitutional deprivation unless it "so infected the entire trial that the resulting conviction violates due process." 502 U.S. 62, 72 (1991). The California Court of Appeal noted that the trial court most likely erred by giving the jury a modified version of CALJIC 2.28, informing the jurors of Mr. Arredondo's allegedly untimely disclosures and leaving it to their judgment whether and to what extent to accord significance to such delay. Nevertheless, the state court concluded that the abundant evidence of guilt vitiates any prejudice that Mr. Arredondo could claim to have suffered thereby. For such reason, Mr. Arredondo cannot demonstrate that the California court's ruling unreasonably applied, or was contrary to, clearly established Federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d).

**AFFIRMED.**